UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-23001-CIV-MOORE/SIMONTON

THE MICCOSUKEE TRIBE OF INDIANS
OF FLORIDA, a federally-recognized
Indian Tribe,

    Plaintiff,

v.

UNITED STATES OF AMERICA, et al.,

    Defendants.
_____/

**OMNIBUS ORDER ON DEFENDANTS'
MOTIONS FOR PROTECTIVE ORDER AND
PLAINTIFF'S MOTION TO COMPEL**

Presently pending before the Court are Federal Defendants' Motion for Protective Order (DE # 61), Second Motion for Protective Order (DE # 71) and Third Motion for Protective Order (DE # 80) and a related request for a hearing (DE # 81). Also, pending before this Court is the Plaintiff Miccosukee Tribe of Indians' Motion to Compel Defendants' Attendance at Deposition, Responses to Interrogatories, and Production of Documents (DE # 86). The Motions have been fully briefed and are referred to the undersigned Magistrate Judge (DE # 19). Based upon a review of the record as the whole, and for the reasons stated below, the Defendants' Motions for Protective Orders are DENIED, and Plaintiff's Motion to Compel is GRANTED.

    I. **BACKGROUND**

This matter involves claims by a federally-recognized Indian tribe pertaining to certain lands that the Tribe alleges suffer from high level waters due to actions taken by the Defendants. The Plaintiff originally alleged four causes of action in the Complaint including violations of the Florida Indian Land Claims Settlement Act, Due Process,

**Equal Protection and Action in the Nature of Mandamus (DE # 1).  The Defendants filed a Motion to Dismiss seeking dismissal of all four of Plaintiff's claims (DE # 27).  The Court granted the Defendants' Motion, in part, and dismissed all counts except for Plaintiff's equal protection claim (DE # 37).  Defendants then filed a Motion for Reconsideration, or in the Alternative, For Judgment on the Pleadings (DE # 51) requesting that the Court reconsider its decision to not dismiss Plaintiff's equal protection claim.  In that Motion, the Defendants contended that if Plaintiff's equal protection claim was allowed to proceed that the Court's review of the Defendants' actions related to that claim would be limited to the administrative record rather than a new record developed during the litigation of that claim (DE # 52).**

**Defendants also filed a Motion to Vacate the Order Scheduling Trial in Miami and to Limit Review to the Administrative Record (DE # 43) wherein Defendants again asserted that the scope of review of the Plaintiff's equal protection claim was limited to the administrative record as required by the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq.**

**On January 7, 2010, the Court denied the Defendants' Motion for Reconsideration and concluded, inter alia, that Plaintiff's equal protection claim did not have to be raised under the APA, but could be raised independently and directly under the United States Constitution (DE # 85).  In addition, on January 11, 2010, the Court denied the Defendants' Motion to Vacate Order Scheduling Trial in Miami and to Limit Review to the Administrative Record (DE # 88).**

2

## II. LAW & ANALYSIS

### A. Defendants' Motion for Protective Order (DE # 61), Second Motion for Protective Order (DE # 71) and Third Motion for Protective Order (DE # 80)

**Defendants have filed three Motions for Protective Orders generally seeking to prevent the Plaintiff from conducting discovery in this matter. Specifically, Defendants seek to be relieved of any obligation to: 1) respond to Plaintiff's pending discovery requests (DE # 61); 2) participate in the deposition noticed by Plaintiff for December 22, 2009 for the Defendants' Representative (DE # 71); and, 3) participate in the deposition noticed by Plaintiff for January 7, 2010 for the Defendants' Representative (DE # 80). Also, in their first Motion for Protective Order, Defendants contend that the Plaintiff's written discovery requests should be limited in temporal scope to a period between 2002 and October 28, 2008, the date that Plaintiff filed the Complaint in the instant action.**

**Motions for protective orders during discovery are governed by Federal Rule of Civil Procedure 26(c) which provides:**

(c) Protective Orders.

(1) In General. A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending--or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken...The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...

**Fed.R.Civ.P. 26(c) (2009). In all three motions seeking a protective order, Defendants argue that because the Plaintiff's claims are subject to the APA that the scope of the Court's review of the Federal Defendants' actions is limited to the administrative record on which the Defendants' decisions were made. Defendants therefore contend that extra-record discovery is inappropriate in this case and that the Plaintiff is not entitled to**

3

conduct depositions or otherwise seek discovery.  Defendants assert that although Plaintiff's remaining claim is an equal protection one, that it is also subject to the limited scope of review permitted by the APA.  Defendants therefore request that they not have to respond to Plaintiff's discovery request, or otherwise participate in discovery unless the Court denies Defendants' Motion for Reconsideration and/or Judgment on the Pleadings.

Defendants further state that it will take at least two months to compile a complete administrative record documenting the Corps' water management actions between 2002 and October 28, 2008, and that because such a compilation would require the expenditure of staff resources, that the Defendant will wait to begin compiling the record until after the Court rules on the pending Motion for Judgment on the Pleadings. Further, Defendants assert that some of Plaintiff's discovery requests encompass documents outside of the agency record that have been produced in previous related cases.[1]  Defendants contend that those documents are stored in a warehouse and anticipate that it would take the Defendants approximately three months to respond to the Plaintiff's discovery requests and thus would be unduly burdensome on the Defendants.

The undersigned concludes that Defendants' arguments are without merit for the following reasons.  First, as noted above, the Court has now denied the Defendants' Motions for Reconsideration and Judgment on the Pleadings finding, in part, that the equal protection claim raised by the Tribe is a constitutional claim independent of any

---

[1] By all accounts, several other cases have been previously litigated involving the same or similar issues by the same or similar parties, although different time frames were involved. See, e.g., DE # 52 at 5.

4

APA claim and may proceed on that ground (DE # 85).  Accordingly, it appears that discovery related to the Plaintiff's equal protection claim is not limited by the APA Act nor the agency record, but rather requires independent review and therefore discovery related to the equal protection claim appropriately may proceed.[2]

In addition, the Defendants have failed to demonstrate that the discovery sought by the Plaintiff is unduly burdensome or not relevant to the claims alleged by the Plaintiff or defenses raised by the Defendant. *See* Fed.R.Civ.P. 26 (parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense).  The Defendants' assertion that it will take three months to respond is not sufficiently supported, and, in any event, they must bear the burden of their decision to delay gathering the records.  Moreover, the request to extend the time for three months falls beyond what is acceptable under the newly revised scheduling Order entered by the District Court (DE # 94).

The Defendants have also failed to demonstrate that the Plaintiff's Interrogatories and Request for Production of Documents should be limited in temporal scope because the Defendants have failed to properly object to those requests, and have not shown that information sought in those requests might not be relevant to the allegations in the Complaint.  The equal protection count in the Complaint (Count IV) specifically alleges that the federal Defendants have violated the Plaintiff's rights "From on or about December 1998 to the present." (DE # 1 at 22).  The Defendants have not sufficiently

---

[2] This is not intended to be a ruling on the admissibility of evidence; but to ensure compliance with the District Court's Scheduling Order it is necessary for discovery to proceed now rather than being delayed pending preparation of the administrative record which may or may not resolve some or all of the discovery requests.

addressed why discovery for the time frame identified in that Count is not relevant to this action.[3]

Further, to the extent that Defendants' Second and Third Motions for Protective Order seek to delay the Plaintiff's taking of depositions until the Court rules on the Defendants' Motion for Judgment on the Pleadings and/or Motion to Vacate Paperless Order Scheduling Trial in Miami and to Limit review to the Administrative Record, those requests are now effectively moot since the Motions have been denied.

Finally, in the Reply in support of Defendants' Third Motion for Protective Order, filed after the Court's Order denying the Motion for Reconsideration and for Judgment on the Pleadings, the Defendants indicate that they have begun to prepare the administrative record and estimate that it will be completed by March 19, 2010. However, the Defendants' request for a protective order in this regard is an inappropriate use of a protective order to extend the discovery deadlines. As such, the Defendants' request for an extension of time to respond to discovery in the instant form of a motion to protective order is denied.

### B.  Plaintiff's Motion to Compel Defendants' Attendance at Deposition, Responses to Interrogatories and Production of Documents (DE #86)

Plaintiff has filed a Motion to Compel Defendants' Attendance at Deposition, Responses to Interrogatories and Production of Documents (DE #86). In the Motion, the Plaintiff requests that the Defendants be compelled to respond to the interrogatories and

---

[3] In their Motion, Defendants have sought a "blanket" protective order limiting the temporal scope of the Plaintiff's discovery requests but have failed to provide individual objections to the requests, which may or may not be meritorious. Thus, the instant ruling is limited to the request for a "blanket" protective order and Defendants may assert specific temporal individual objections, if appropriate as directed in the Conclusion of this Order.

request for production of documents that were propounded on the Defendants, as well as, to appear for noticed depositions and otherwise participate in discovery.  In support of its position, the Plaintiff has submitted the discovery requests propounded on January 12, 2010 on the Plaintiff by the Defendants, as well as the Defendants' Notice of the 30(b)(6) Deposition for a Tribal Representative set for February 5, 2010 (DE # 90). Plaintiff argues that because the Defendants are seeking discovery from the Plaintiff that the Defendant should be compelled to respond to Plaintiff's discovery requests and otherwise participate in discovery, as well.

The undersigned agrees.  Therefore, for the reasons discussed above in reference to the Defendants' Motions for Protective Order, the undersigned concludes that the Plaintiff's Motion to Compel should be granted.  Accordingly, as set forth below, the Defendants shall respond to Plaintiffs' written discovery requests and appear and participate in any depositions noticed by the Plaintiff of Defendants' representative.

### III.  CONCLUSION

Therefore, it is hereby

**ORDERED AND ADJUDGED** that Defendants' Motion for Protective Order (DE # 61), Second Motion for Protective Order (DE #71) and Third Motion for Protective Order (DE # 80) are **DENIED**.  It is further

**ORDERED AND ADJUDGED** that Plaintiff Miccosukee Tribe's Motion to Compel Defendants' Attendance at Deposition, Responses to Interrogatories and Production of Documents (DE #86) is **GRANTED**.  It is further

**ORDERED AND ADJUDGED** that Defendants shall serve Plaintiff with any objections to the Interrogatories and Requests for Production propounded on

Defendants on November 20, 2009, by the close of business on Friday, February 5, 2010, and shall provide responsive documents and answers to the unobjected-to portions of the Plaintiff's discovery requests, as well as any privilege log, by the close of business on Friday, February 26, 2010. It is further

**ORDERED AND ADJUDGED** that the Defendants shall make the deponents identified in Plaintiff's Notices of Deposition Duces Tecum served on December 9, 2009, and December 30, 2009 available for deposition at a mutually convenient time prior to the close of the newly established discovery deadlines. It is further

**ORDERED AND ADJUDGED** that the request for a hearing (DE # 81) is **DENIED AS MOOT**.

**DONE AND ORDERED** in chambers in Miami, Florida, on January 22, 2010.

*Andrea M. Simonton*
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished via CM/ECF to:
The Honorable K. Michael Moore, United States District Judge
All counsel of record